BNDAEV,CLOSED

# U.S. District Court
## Southern District of Florida (West Palm Beach)
### CRIMINAL DOCKET FOR CASE #: 9:12-mj-08202-AEV All Defendants
### Internal Use Only

| | |
|---|---|
| Case title: USA v. Klein | Date Filed: 05/17/2012 |
| Other court case number: 12-CR-125 USDC - WDNY (Buffalo) | Date Terminated: 05/21/2012 |

Assigned to: Magistrate Judge Ann E. Vitunac

**Defendant (1)**

**Jeffrey G. Klein**  represented by  **James Scott Benjamin**
Prisoner ID: 99856-004                    Benjamin & Aaronson
*Language: English*                        1 Financial Plaza
*TERMINATED: 05/21/2012*                   Suite 1615
                                           Fort Lauderdale, FL 33394-2843
                                           954-779-1700
                                           Fax: 779-1771
                                           Email: sexlaw@bellsouth.net
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*
                                           *Designation: Retained*

**Pending Counts**                         **Disposition**
None

**Highest Offense Level (Opening)**
None

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 5/21/2012

**Terminated Counts**                      **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                             **Disposition**
Removal to WDNY - Indictment -
18:1349.F, 18:1343.F, 18:1956-4999.F,
18:1957-4390.F

**Plaintiff**

USA            represented by    **Rinku Talwar Tribuiani**
United States Attorney's Office
500 S. Australian Avenue
Suite 400
West Palm Beach, FL 33401
561-820-8711
Fax: 561-659-4526
Email: rinku.tribuiani@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/17/2012 | 1 | Magistrate Removal of Indictment from WDNY (Buffalo) Case number in the other District 12-CR-125 as to Jeffrey G. Klein (1). (kza) (Entered: 05/17/2012) |
| 05/17/2012 | | Arrest of Jeffrey G. Klein (tmn) (Entered: 05/21/2012) |
| 05/18/2012 | 3 | NOTICE OF PERMANENT APPEARANCE AS COUNSEL OF RECORD: James Scott Benjamin appearing for Jeffrey G. Klein (kza) (Entered: 05/21/2012) |
| 05/18/2012 | 4 | Minute Entry for proceedings held before Magistrate Judge Ann E. Vitunac: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Jeffrey G. Klein held on 5/18/2012 James Benjamin files a Notice of Permanent Appearance. Bond Hearing as to Jeffrey G. Klein held on 5/18/2012. Bond set as to Jeffrey G. Klein (1) $250,000 - 10% Cash. Special Conditions: **a.** Surrender all and do not obtain passports and travel documents to the Pretrial Services Office;**b.** Report to Pretrial Services once a week by telephone and in person as directed;**c.** Submit to substance abuse testing and/or treatment as directed by Pretrial Services - today's test will not count;**g.** Maintain or actively seek full-time employment - 40 hour per week verifiable by PTS;**i.** Avoid all contact with victims of or witnesses or codefendants to the crimes charged, except through counsel;**j.** Refrain from possessing a firearm, destructive device or other dangerous weapons;**l.** May not visit commercial transportation establishment airports, seaport/marinas, commercial bus terminals, train stations, etc.;**p.** Travel is restricted to SDFL and WDNY - meet with counsel and for court appearances only;**q.** Comply with additional conditions of bond - residence restriction; defendant not to encumber brokerage account - defendant may not withdraw the $250,000 from the brokerage account; account information to be provided to Clerk; 10% to be posted by Monday, May 21, 2012 at Noon. (Digital 10:43:54/10:55:40.) (kza) (Entered: 05/21/2012) |
| 05/18/2012 | 5 | Order on Initial Appearance as to Jeffrey G. Klein for proceeding held on 5/18/2012. James Benjamin appeared as permanent counsel of record. Bond set as to Jeffrey G. Klein (1) $250,000 - 10% Cash. Special Conditions: a. |

| | | |
|---|---|---|
| | | Surrender all and do not obtain passports and travel documents to the Pretrial Services Office;b. Report to Pretrial Services once a week by telephone and in person as directed;c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services - today's test will not count;g. Maintain or actively seek full-time employment - 40 hour per week verifiable by PTS;i. Avoid all contact with victims of or witnesses or codefendants to the crimes charged, except through counsel;j. Refrain from possessing a firearm, destructive device or other dangerous weapons;l. May not visit commercial transportation establishment airports, seaport/marinas, commercial bus terminals, train stations, etc.;p. Travel is restricted to SDFL and WDNY - meet with counsel and for court appearances only;q. Comply with additional conditions of bond - residence restriction; defendant not to encumber brokerage account - defendant may not withdraw the $250,000 from the brokerage account; account information to be provided to Clerk; 10% to be posted by Monday, May 21, 2012 at Noon. Signed by Magistrate Judge Ann E. Vitunac on 5/18/2012. (kza) (Entered: 05/21/2012) |
| 05/18/2012 | 6 | WAIVER OF RULE 5 & 5.1 HEARINGS by Jeffrey G. Klein (kza) (Entered: 05/21/2012) |
| 05/18/2012 | 7 | $250,000 10% PSB Bond Entered as to Jeffrey G. Klein Receipt # FLS900001637. Approved by Magistrate Judge Ann E. Vitunac. Special Conditions: a. Surrender all and do not obtain passports and travel documents to the Pretrial Services Office;b. Report to Pretrial Services once a week by telephone and in person as directed;c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services - today's test will not count;g. Maintain or actively seek full-time employment - 40 hour per week verifiable by PTS;i. Avoid all contact with victims of or witnesses or codefendants to the crimes charged, except through counsel;j. Refrain from possessing a firearm, destructive device or other dangerous weapons;l. May not visit commercial transportation establishment airports, seaport/marinas, commercial bus terminals, train stations, etc.;p. Travel is restricted to SDFL and WDNY - meet with counsel and for court appearances only;q. Comply with additional conditions of bond - residence restriction; defendant not to encumber brokerage account - defendant may not withdraw the $250,000 from the brokerage account; account information to be provided to Clerk; 10% to be posted by Monday, May 21, 2012 at Noon. (Attachments: # 1 clerk's receipt for 10%, # 2 redacted copy of deft's brokerage account statement)(kza) (Entered: 05/21/2012) |
| 05/21/2012 | 2 | Report Commencing Criminal Action as to Jeffrey G. Klein - YOB: **/**/1955 Prisoner #: 99856-004 (tmn) (Entered: 05/21/2012) |
| 05/21/2012 | 8 | ORDER OF REMOVAL ISSUED to District of WDNY (Buffalo) as to Jeffrey G. Klein. Signed by Magistrate Judge Ann E. Vitunac on 5/21/2012. (kza) (Entered: 05/21/2012) |
| 05/21/2012 | 9 | Transmittal Letter as to Jeffrey G. Klein sent to Clerk, USDC - WDNY (Buffalo) with Certified copy of court file and docket sheet (kza) (Entered: 05/21/2012) |

# United States District Court
## Southern District of Florida

FILED by _____

MAY 21 2012

STEVEN M. LARIMORE

UNITED STATES OF AMERICA
Plaintiff

- vs

JEFFREY KLEIN
Defendant

CASE NUMBER: CR 12-8202-AEV

REPORT COMMENCING CRIMINAL ACTION

99856-004
USMS NUMBER

TO: CLERK'S OFFICE    MIAMI    FT. LAUDERDALE    **W. PALM BEACH**
U.S. DISTRICT COURT      (CIRCLE ONE)

NOTE: CIRCLE APPRPRIAT LOCATION FOR APPEARANCE IN MAGISTRATES COURT ABOVE.

---

COMPLETE ALL ITEMS. INFORMATION NOT APPLICABLE    N/A.

(1) **DATE AND TIME OF ARREST:** 5/17/12   ~~9:00~~ A M ✓   P M ___

(2) **LANGUAGE SPOKEN:** English

(3) **OFFENSE CHARGED:** Conspiracy to commit wire Fraud

(4) **DATE OF BIRTH:** __/__/55

(5) **TYPE OF CHARGING DOCUMENT:** (CHECK ONE)
   {✓} INDICTMENT      { } COMPLAINT TO BE FILED/ALREADY FILED
   { } BENCH WARRANT FOR FAILURE TO APPEAR
   { } PROBATION VIOLATION WARRANT
   { } PAROLE VIOLATION WARRANT
   **ORIGINATING DISTRICT:** W/NY

(6) **REMARKS:** Extradition is in Process

(7) **DATE:** 5/17/12    (8) **ARRESTING OFFICER:** Special Agent Delgado

(8) **AGENCY:** U.S. Immigration & Customs Enforcement   (10) **PHONE:** 561-722-1622

(11) **COMMENTS:** White Collar

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 5/21/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-8202-AEV

FILED by ___ D.C.
MAY 18 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES OF AMERICA,
      Plaintiff,

v.

**NOTICE OF PERMANENT**
**APPEARANCE AS COUNSEL**
**OF RECORD**

Jeffrey G Klein
      Defendant.
_____/

    COMES NOW James S Benjamin, and files this appearance as counsel for the above named defendant(s). Counsel agrees to represent the defendant(s) for all proceedings arising out of the transaction with which the defendant(s) is/are presently charged in the United States District Court in and for the Southern District of Florida.

    Counsel hereby states that this appearance is unconditional and in conformity with the requirements of Local General Rule 16 and the Special Rules Governing the Admission and Practice of Attorneys.

    Counsel acknowledges responsibility to advise the defendant(s) of the right of appeal, to file a timely notice of appeal if requested to do so by the defendant(s), and to pursue that appeal unless relieved by Court Order.

    **FEE DISPUTES BETWEEN COUNSEL AND CLIENT SHALL NOT BE A BASIS FOR WITHDRAWAL FROM THIS REPRESENTATION.**

DATED: 5/18/12

Attorney: James Benjamin
Address: 1 Financial Plz
City: Ft Laud  State: Fl  Zip Code: _____
Telephone (954) 779-1700
Florida Bar Number: 293245

    The undersigned defendant(s) hereby consent(s) to the representation of the above counsel.

_____
_____
_____

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 5/21/2012

# COURT MINUTES
## U.S. MAGISTRATE JUDGE ANN E. VITUNAC   DATE: 05/18/2012   TIME: 10:00 AM

DEFT: JEFFREY G. KLEIN (J)             CASE NO: 12-8202-AEV
AUSA: RINKU TRIBUIANI                   ATTY: JAMES BENJAMIN (RET)
AGENT: ICE                              VIOL: REMOVAL TO WDNY  Indictment -
                                         18: 1349, 1343, 1956(h), 1957

FILED by VZZ D.C.
MAY 1 8 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

PROCEEDING: INITIAL HEARING           RECOMMENDED BOND:   GOVT. REC.:
REMOVAL TO WDNY                                           PRETRIAL
(BUFFALO) BOND HEARING                                    DETENTION

BOND/PTD HEARING HELD (yes) no          LANGUAGE: ENGLISH
BOND SET @ $250,000 - 10%               INTERPRETER:
              CASH BOND                 Disposition: CASE RECALLED
[X] All Standard Conditions.            DEFENDANT SWORN,
[X] Surrender / or do not obtain passports / travel documents   ADVISED OF CHARGES, POSSIBLE
[X] Rpt to PTS as directed / or  1  x's a week/month by phone;  T  x's a week/month in person  AS DIRECTED   PENALTIES AND RIGHTS
[ ] Refrain from excessive use of alcohol                       JAMES BENJAMIN FILES A
[ ] Participate in a mental health assessment and treatment     NOTICE OF PERMANENT APPEAR-
[X] Random urine testing by Pretrial Services and/or treatment as deemed necessary TODAY'S TEST WILL NOT COUNT   ANCE. GOVT RECOMMENDS A $250,000 - 10% CASH BOND
[X] Not to encumber property.  BROKERAGE ACCOUNT                BOND HEARING HELD
[X] Maintain or seek full-time employment/education. 40 HOURS WEEK VERIFIABLE BY PTS   DEFENDANT PROFFER
[X] No contact with victims / witnesses. CODEFENDANTS           THE COURT SETS BOND
[X] No firearms. /WEAPONS                                       AT $250,000 - 10% BOND
[X] May Not visit Transportation Establishments. RESTRICTED     COLLATERALIZED BY BROKER-
[X] Travel extended to: SDFL + WDNY- TO MEET COUNSEL + COURT APPEARANCES   AGE ACCOUNT. ACCOUNT
[ ] Home Confinement/Electronic Monitoring/Curfew ONLY paid by _____   INFORMATION TO BE PROVIDED TO CLERK.
[X] Other RESIDENCE RESTRICTION         — CONTINUED ON PAGE 2 —

NEXT COURT APPEARANCE:   DATE:   TIME:   JUDGE:   PLACE:
REPORT RE COUNSEL:
PTD/BOND HEARING:
PRELIM/ARRAIGN. OR REMOVAL:
STATUS CONFERENCE:
DAR: 10:43:54 / 10:55:40   TIME IN COURT: 10:43-10:44AM   CRD
                                           10:55-11:15AM   K. ZUNIGA
                           (INITIAL-5MINS / BOND HRG-15MINS)

## COURT MINUTES

**U.S. MAGISTRATE JUDGE** ANN E. VITUNAC  **DATE:** 05/18/2012  **TIME:** 10:00 AM

| | |
|---|---|
| DEFT: JEFFREY G. KLEIN (J) | CASE NO: 12-8202-AEV |
| AUSA: RINKU TRIBUIANI | ATTY: JAMES BENJAMIN |
| AGENT: ICE | VIOL: REMOVAL TO WDNY Indictment - 18: 1349, 1343, 1956(h), 1957 |

PROCEEDING: INITIAL HEARING ON REMOVAL TO WDNY (BUFFALO)

RECOMMENDED BOND:  GOVT. REC.: PRETRIAL DETENTION

BOND/PTD HEARING HELD - yes / no

LANGUAGE: ENGLISH

BOND SET @ _____

INTERPRETER: _____

Disposition: CONT - BOND HRG. ADDITIONAL SPECIAL CONDITIONS - 10% TO BE POSTED BY MONDAY, MAY 21, 2012 AT NOON. DEFENDANT MAY NOT WITHDRAW THE $250,000 FROM THE BROKERAGE ACCOUNT.

DEFENDANT EXECUTES WAIVER OF RULE 5 HEARINGS. THE COURT WILL SIGN THE ORDER OF REMOVAL ON MONDAY, MAY 21, 2012

- ☐ All Standard Conditions.
- ☐ Surrender / or do not obtain passports / travel documents
- ☐ Rpt to PTS as directed / or ___ x's a week/month by phone; ___ x's a week/month in person
- ☐ Refrain from excessive use of alcohol
- ☐ Participate in a mental health assessment and treatment
- ☐ Random urine testing by Pretrial Services and/or treatment as deemed necessary
- ☐ Not to encumber property.
- ☐ Maintain or seek full - time employment/education.
- ☐ No contact with victims / witnesses.
- ☐ No firearms.
- ☐ May Not visit Transportation Establishments.
- ☐ Travel extended to: _____
- ☐ Home Confinement/Electronic Monitoring/Curfew ___ paid by _____
- ☐ Other _____

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| REPORT RE COUNSEL: | | | | |
| PTD/BOND HEARING: | | | | |
| PRELIM/ARRAIGN. OR REMOVAL: | | | | |
| STATUS CONFERENCE: | | | | |
| DAR: | | TIME IN COURT: | | |

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By /s/ _____
Deputy Clerk
Date 5/21/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-8202-AEV

UNITED STATES OF AMERICA

   Plaintiff,

v.

JEFFREY G. KLEIN,

   Defendant.
_____/

FILED by KN D.C.
MAY 18 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

ORDER ON INITIAL APPEARANCE

AUSA RINKU TRIBUIANI            Language ENGLISH
Agent ICE                       DAR: 10:43:54/10:55:40

The above-named defendant having been arrested on 5/17/2012, having appeared before the court for initial appearance on 5/18/2012 and proceedings having been held in accordance with **Fed.R.Cr.P.** r. 5 or 40(a), it is thereupon

ORDERED as follows:

1. JAMES BENJAMIN appeared as permanent/~~temporary~~ counsel of record.
   Address: ONE FINANCIAL PLAZA, SUITE 1615, FORT LAUDERDALE, FL
   Zip Code: 33394   Telephone: (954) 779-1700

2. _____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 a.m. on _____, 2012.

4. **Preliminary/Arraignment/Removal/Identity** hearing is set for 10am _____, 2012.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
   A **detention hearing**, pursuant to 18 U.S.C. Section 3142(f), is set for 10am _____, 2012.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: $250,000 - 10% CASH BOND

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

X a. Surrender all passports and travel document to the Pretrial Services Office.
X b. Report to Pretrial Services as follows: 1 times a week by phone, 1 time a week in person; AS DIRECTED
   ~~other:~~ _____
X c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law. TODAY'S TEST WILL NOT COUNT

DEFENDANT NOT TO ENCUMBER BROKERAGE ACCOUNT - DEFENDANT MAY NOT WITHDRAW THE $250,000 FROM THE BROKERAGE ACCOUNT

X d. Maintain or actively seek full time gainful employment. OR CHARITY 40 HOURS PER WEEK VERIFIABLE BY PTS
___ e. Maintain or begin an educational program.
X f. Avoid all contact with victims of or witnesses to the crimes charged. + CODEFENDANTS
X g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___ h. Comply with the following curfew: _____
X i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals. UNLESS TRAVELING TO WDNY
X j. Comply with the following additional special conditions of this bond:
RESIDENCE RESTRICTION; TRAVEL RESTRICTED TO SOFL AND WDNY ONLY TO MEET COUNSEL AND FOR COURT APPEARANCES; DEFENDANT TO PROVIDE ACCOUNT INFORMATION FOR BROKERAGE ACCOUNT COLLATERALIZING THE BOND AMOUNT TO THE CLERK;

This bond was set: At Arrest _____
On Warrant _____
After Hearing  X

10% TO BE POSTED BY MONDAY, MAY 21, 2012 AT NOON

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____
_____
_____

____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

DONE AND ORDERED at West Palm Beach, FL this  18  day of  MAY , 2012.

_____
ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

c: Assistant U.S. Attorney
Defense Counsel
Pretrial Services/Probation

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date  5/21/2012

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 12-8202-AEV |
| JEFFREY G. KLEIN, ) | |
| _Defendant_ ) | Charging District's Case No. 12-CR-125 |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the _(name of other court)_ WESTERN NEW YORK

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

[X] an identity hearing and production of the warrant.

[ ] a preliminary hearing.

[ ] a detention hearing.

[ ] an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: MAY 18, 2012

X _____
_Defendant's signature_

_____
_Signature of defendant's attorney_

JAMES S BENJAMIN
_Printed name of defendant's attorney_

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____
Deputy Clerk
Date 5/21/2012

(Rev. 7/09)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____

CASE NO.: _12-8202-AEV_____

UNITED STATES OF AMERICA
    Plaintiff,

v.

JEFFREY G. KLEIN,
    Defendant,
_____/

JAIL # _____

FILED by ___ D.C.

MAY 18 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of
$ _250,000 - 10% CASH BOND_

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

    1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

    2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

    3. May not change his or her present address as recorded on this bond without prior permission in writing from the court.

    4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

    5. The defendant must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

    6. Shall not commit any act in violation of state or federal laws.

DEFENDANT: JEFFREY G. KLEIN
CASE NUMBER: 12-8202-AEV
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

X a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

X b. Report to Pretrial Services as follows: (X) as directed or ____ time(s) a week in person and _1_ time(s) a week by telephone;

X c. Submit to substance abuse testing and/or treatment; **TODAY'S TEST WILL NOT COUNT**

___ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e. Participate in mental health assessment and/or treatment;

___ f. Participate and undergo a sex offense specific evaluation and treatment;

X g. Maintain or actively seek full-time employment; **40 HOURS PER WEEK VERIFIABLE BY PTS OR CHARITY**

___ h. Maintain or begin an educational program;

X i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel; **+ CODEFENDANTS**

X j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

X k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

X l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.;* **UNLESS TRAVELING TO WDNY**

___ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;

___ n. **HOME CONFINEMENT PROGRAM** The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) **will not** or ( ) **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* ( ) or **paid for by Pretrial Services** ( ).

___ **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

___ **Home Detention:** You are restricted to your residence at all times except for: ( ) **medical needs or treatment,** ( ) **court appearances,** ( ) **attorney visits or court ordered obligations,** and ( ) other **RESIDENCE RESTRICTION**

___ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program. You are restricted to the halfway house at all times except for: ( ) **employment;** ( ) **education;** ( ) **religious services;** ( ) **medical, substance abuse, or mental health treatment;** ( ) **attorney visits;** ( ) **court appearances;** ( ) **court ordered obligations;** ( ) **reporting to Pretrial Services;** and ( ) **other** _____

X p. May travel ~~to and from~~: **RESTRICTED TO: SDFL + WDNY**, and must notify **GET PERMISSION FROM** Pretrial Services of travel plans before leaving and upon return. **ONLY TO MEET COUNSEL AND FOR COURT APPEARANCES**

X q. Comply with the following additional conditions of bond: **DEFENDANT TO PROVIDE ACCOUNT INFORMATION FOR BROKERAGE ACCOUNT COLLATERALIZING THE BOND AMOUNT TO THE CLERK. 10% TO BE POSTED BY NOON ON MONDAY, MAY 21, 2012.**

DEFENDANT: _Jeffrey G. Klein_
CASE NUMBER: _12-8202-AEV_
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: JEFFREY G. KLEIN
CASE NO.: 12-8202-AEV
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

**DEFENDANT**

Signed this 18 day of MAY, 2012 at West Palm Beach, Florida
Signed and acknowledged before me:
WITNESS: JAMES BARWIN                    DEFENDANT: (Signature) X _____
W Palm Beach
City                State                 City                State

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 5/21/2012

**CORPORATE SURETY**

Signed this ___ day of _____, 2012 at _____, Florida
SURETY: _____
                                        AGENT:(Signature) _____
City                State                PRINT NAME: _____

**INDIVIDUAL SURETIES**

Signed this ___ day of _____, 2012 at _____, Florida    Signed this ___ day of _____, 2012 at _____, Florida
SURETY:(Signature) _____                  SURETY:(Signature) _____
PRINT NAME: _____                   PRINT NAME: _____
RELATIONSHIP TO DEFENDANT_____                  RELATIONSHIP TO DEFENDANT_____

City                State                                  City                State


Signed this ___ day of _____, 2012 at _____, Florida    Signed this ___ day of _____, 2012 at _____, Florida
SURETY:(Signature) _____                  SURETY:(Signature) _____
PRINT NAME: _____                   PRINT NAME: _____
RELATIONSHIP TO DEFENDANT_____                  RELATIONSHIP TO DEFENDANT_____

City                State                                  City                State

**APPROVAL BY COURT**

Date: MAY 18, 2012

_____
ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

09-14-3726B   09-2005

# Bank of America

**Cashier's Check**                          No. 8403699

Notice to Purchaser: In the event this check is lost, misplaced or stolen, a sworn statement and 90-day waiting period will be required prior to replacement. This check should be negotiated within 90 days.

Date: MAY 21, 2012                           30-1/1140  NTX

Banking Center: ST. ANDREWS

0109432  00006  0008403699

JEFFREY G. KLEIN, P.A.
Remitter (Purchased By)

$ **25000.00**

Pay **TWENTY FIVE THOUSAND DOLLARS AND 00 CENTS**
To The Order Of  **CLERK OF THE UNITED STATES**
                 **DISTRICT COURT**

Authorized Signature

Bank of America, N.A.
San Antonio, Texas            VOID AFTER 90 DAYS

⑊8403699⑊ ⑉114000019⑉ 0016410020621⑊

■ THE ORIGINAL DOCUMENT HAS REFLECTIVE WATERMARK ON THE BACK    THE ORIGINAL DOCUMENT HAS REFLECTIVE WATERMARK ON THE BACK ■

---

```
Court Name: SOUTHERN DISTRICT OF FLORIDA
Division: 9
Receipt Number: FLS900001637
Cashier ID: otompkin
Transaction Date: 05/21/2012
Payer Name: Jeffrey G. Klein
-------------------------------
COMM REG MONEY MARKET
 For: Jeffrey G. Klein
 Case/Party: D-FLS-9-12-MJ-008202-001
 Amount:         $25,000.00
-------------------------------
CHECK
 Remitter: Jeffrey G. Klein, P.A
 Check/Money Order Num: 8403699
 Amt Tendered:   $25,000.00

Total Due:       $25,000.00
Total Tendered:  $25,000.00
Change Amt:      $0.00
```

Jeffrey G. Klein

Returned check fee $53

Checks and drafts are accepted
subject to collection and full
credit will only be given when the
check or draft has been accepted by
then financial institution on which
it was drawn.

# MorganStanley SmithBarney

**CLIENT STATEMENT** | For the Period April 1-30, 2012

#BWNJGWM

JEFFERY KLEIN

**Your Branch**
111 NORTH WASHINGTON AVE STE 201
SCRANTON, PA 18503
Telephone: 570-961-7700
Alt. Phone: 800-733-7096
Fax: 570-961-7735

**Client Interaction Center**
800-869-3326
24 Hours a Day, 7 Days a Week

Access your accounts online
www.morganstanley.com/online

*Morgan Stanley Smith Barney LLC. Member SIPC.*

**Your Financial Advisor Team**
THE LEGACY GROUP

| | |
|---|---:|
| TOTAL VALUE LAST PERIOD (as of 3/31/12) | $621,429.61 |
| NET CONTRIBUTIONS/WITHDRAWALS | — |
| CHANGE IN VALUE | (1,516.13) |
| **TOTAL VALUE OF YOUR ACCOUNT** (as of 4/30/12) (Total Values include accrued interest) | **$619,913.48** |



# MorganStanley SmithBarney

**CLIENT STATEMENT** | For the Period April 1-30, 2012

Active Assets Account -015

JEFFERY KLEIN

## Account Summary

**Brokerage Account**
Householding Anniversary Date: 3/6/03
Investment Objectives †: Capital Appreciation, Income

### CHANGE IN VALUE OF YOUR ACCOUNT

|  | This Period (4/1/12-4/30/12) | This Year (1/1/12-4/30/12) |
|---|---|---|
| Total Beginning Value(includes accrued interest) | $621,429.61 | $580,415.75 |
| Contributions | — | — |
| Withdrawals | — | — |
| Security Transfers | — | — |
| Net Contributions/Withdrawals | — | — |
| Change in Value | (1,516.13) | 39,647.73 |
| Total Ending Value(includes accrued interest) | $619,913.48 | $619,913.48 |

### CHANGE IN VALUE OVER TIME

This graph compares the total value of your account to the net amount invested.
Net investment is the total amount invested minus the total amount withdrawn.



($) Thousands

650.0
525.0
400.0

DEC 2008   DEC 2009   DEC 2010   DEC 2011   APR 2012

— Total Market Value      - - - Net Invested Capital Since 12/31/08

This may affect the reported Net Invested Capital. If we are not the custodian there may also be a delay in the reporting of your Market Value. Please speak to your Financial Advisor if you have any questions.   † See the Disclosures section of your statement for more information about investment objectives. Please review for accuracy and inform us if your investment objectives change.

This exhibit may not include transactions for investments in Annuities or where Morgan Stanley Smith Barney is not the custodian.

### ALLOCATION OF HOLDINGS



Mutual Funds
Stocks
Cash, Deposits, MMFs

|  | Market Value | Percentage % |
|---|---|---|
| Cash, Deposits, MMFs* | $57,127.44 | 9.2 |
| Stocks | 389,130.00 | 62.8 |
| Mutual Funds | 173,656.04 | 28.0 |
| **TOTAL VALUE** | **$619,913.48** | **100.0%** |

This allocation represents holdings on a trade date basis, and projected settled Cash/Deposits/MMF balances. We classify assets based on general characteristics such as: income generation, underlying capital structure, or exposure to certain market sectors. As many assets contain characteristics of more than one asset class, this asset classification may differ from others you may receive. These classifications are not intended to serve as a suitability analysis.   * Bank Deposits are eligible for FDIC insurance; FDIC rules apply and deposits are not SIPC insured. Cash and securities (including Money Market Funds) are eligible for SIPC coverage. Please see disclosures at end of the statement(s).



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **12-8202-AEV**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

**JEFFREY G. KLEIN,**

    Defendant.



FILED by **KAL** D.C.

MAY 21 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### ORDER OF REMOVAL

A(n) \_\_\_\_\_ Complaint
     **X** Indictment
     \_\_\_\_\_ Information
     \_\_\_\_\_ Probation Violation Warrant
     \_\_\_\_\_ Bench Warrant

having been filed in the **WESTERN** District of **NEW YORK** \_\_\_\_\_ charging the above named defendant with **18:1349, 1343 (BUFFALO) 1956(h); 1957** and the defendant having

     \_\_\_\_\_ surrendered
     **X** been arrested

in the Southern District of Florida, having had an initial appearance before the Court and having:

     **X** waived further hearing
     \_\_\_\_\_ been given a hearing in accordance
     with **Fed.R.Crim.P. 40**

and having posted the bail as set by the Court, it is thereupon
    **ORDERED AND ADJUDGED** as follows:

    1. The defendant is held to answer in the District in which the charge is outstanding and shall appear before the District

Court thereof at such time and place as may be ordered; and

2. **All funds** and **documents** filed with the Clerk of court in this case shall be **transferred** to the District where the charge is outstanding.

**DONE AND ORDERED** at West Palm Beach, Florida this 21 day of MAY, 2012.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

c: U.S. Marshal
   Pretrial Services
   US Probation
   US Attorney
   Defense Csl.
   Financial Section

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 5/21/2012